**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-23731-CIV-LENARD/TORRES

JAIRO LIRA, et al.,

                Plaintiffs,

vs.

ARROW AIR, INC.,

                Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL

       This matter is before the Court upon Plaintiffs' Motion to Compel Deposition Dates [D.E. 55] in which Plaintiffs claim that Defendant did not seeking to compel depositions of Defendants' corporate representatives.   Upon reviewing the motion, Defendant's response, and the reply, as well as the record in the case, it is hereby **ORDERED AND ADJUDGED** as follows:

       1.      Plaintiffs' Motion to Compel [D.E. 55] is **DENIED**.

       2.      The Court's scheduling order set a fact discovery cutoff in the for October 1, 2006. [D.E. 30].  Before this discovery period elapsed, the parties engaged in some discovery in the case.  Defendant, however, was the only part who noticed and set depositions of the Plaintiffs.  For their part, the Plaintiffs apparently did not notice any depositions of Defendant's employees or witnesses until September 2006, just weeks prior to the cutoff date and following Defendant's filing of a motion for summary judgment.

       3.      Plaintiffs' counsel's office then agreed with Defendant's counsel to schedule the depositions of several Defendant witnesses for October 5, 2006 – four days *after* the

discovery cutoff.   On September 27, 2006, however, Plaintiffs' counsel cancelled his own depositions because his office had apparently erred in scheduling those dates for a time when counsel was unavailable.   Plaintiffs' counsel then attempted to reschedule the depositions; however, Defendant's counsel refused to provide any other proposed dates for the depositions.

4.      After his attempts at negotiating new dates with Defendant's counsel failed, Plaintiffs' counsel filed the pending motion on October 2, 2006, one day after the close of fact discovery in the case.   The motion argued that Plaintiff had been "attempting to schedule" depositions as far back as May 23, 2006.   The record reveals, however, that prior to October 2nd Plaintiffs had never raised with the Court any issues relating to scheduling or taking of any depositions in the case.   Indeed, no notices of deposition were filed on record.   Nevertheless, the motion argues that Plaintiff was entitled to take the depositions of the witnesses in question, that Defendant was being recalcitrant in not agreeing on new dates, and that Plaintiffs required these depositions in order to defend against the motion for summary judgment and prepare for trial.

5.      Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff in order to allow all responding parties to do so by that date.   S.D. Fla. Local R. Gen. App. A (Discovery Practices Handbook) § I - E - (1) ("each Judge follows the rule that the completion date means that all discovery must be completed by that date [the discovery deadline]").   Accordingly, any notices for deposition should have been served well in advance of the October 1st discovery cutoff to allow all depositions to be completed by that date.   And, naturally, that also means that any motions to compel should have been filed by that date in order to be deemed timely.   The record reveals that no notices for deposition were ever filed in the case prior to the discovery cutoff and, more

importantly, the pending motion to compel was not filed by that date.  Accordingly, the several depositions that Plaintiffs now seek are obviously untimely and have been waived.

6.     Certainly, the Court's practice rules also provide that counsel "may, by agreement, conduct discovery after the formal completion date but should not rely upon the Court to resolve discovery disputes arising after the discovery completion date." *Id.* Having failed to complete their discovery prior to the October 1st cutoff date, the Plaintiffs were not precluded from reaching an agreement with Defendant to take depositions on a date after the cutoff.  To the extent they failed to reach such an agreement here, or even if Defendant is unjustly reneging on an agreement that had been reached, the Court should not and will not resolve any resulting disputes, such as this one.

7.     Accordingly, based upon the untimeliness of the depositions being raised in the pending motion, and based upon the District Judge's Order setting an October 1, 2006, fact discovery cutoff in this case, the Court will not compel Defendant to produce these or any other witnesses for additional discovery *after* the close of the discovery period in the case.

8.     Furthermore, to the extent the Plaintiffs' motion argues that the motion was necessitated by Defendant's lack of cooperation dating back to May 2006, the motion is even more untimely under S.D. Fla. Local R. 26.1.H.  Under this Rule, all motions related to discovery, including motions to compel, must be filed within thirty (30) days of the occurrence of the grounds for the motion.  Local Rule 26.1.H also specifies that failure to timely file the motion, absent a showing of reasonable cause, may constitute a waiver of the relief sought.  This Rule was designed to prompt early resolution of discovery disputes and "to ensure that discovery motions are filed when ripe and not held until shortly before the close discovery or the eve of trial."  1998 Comments, S.D. Fla. L.R. 26.1.

9.     The pending motion, to the extent it is based upon Defendant's alleged intransigence over the course of the case, is also procedurally defective under this Rule at this late stage of the case.  No showing has been made why the pending motion could not have been filed on a timely basis in accordance with Rule 26.1.H.

10.    Finally, Plaintiffs argue that, if the request for untimely depositions is not granted, Plaintiffs will be denied due process.  That argument is meritless.  Plaintiffs are entitled to all the due process the federal rules and federal law provide; they, however, waived that right when it comes to this untimely motion and these untimely discovery requests.  A district court has broad discretion to enforce its scheduling deadlines in order to manage its cases and its docket.  *E.g., Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997); *Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

11.    Plaintiffs' pending motion would have the Court ignore its scheduling deadlines due to Plaintiffs' inaction, which the Court will not do.  *See, e.g., Agostino Ferrari, S.p.A. v. Antonacci,* 858 F. Supp. 478, 481 (E.D. Pa. 1994) ("While reopening discovery may arguably lessen the prejudice, the concomitant lengthening of the litigation would be injurious to the public interest in the 'just, speedy, and inexpensive determination' of this action.  Fed.R.Civ.P. 1.  Essential to such a resolution is the adherence to firm, early deadlines for discovery and trial. . . . To once again mobilize the discovery mechanism in this case, without good cause being shown, would render these deadlines, both in this case and in future cases, pointless.").

12.     Accordingly, Plaintiffs' motion is Denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January,

2007.

_____
EDWIN G. TORRES
United States Magistrate Judge