UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23273-CIV-LENARD/TORRES

JAIRO LIRA, et al.,

   Plaintiffs,

vs.

ARROW AIR, INC.,

   Defendant.
_____/

**ORDER ON DEFENDANT'S MOTIONS TO TAX COSTS AND FOR SANCTIONS**

This matter is before the Court upon two motions filed by Defendant, a Motion for Sanctions Pursuant to 28 U.S.C. § 1927 [**D.E. 54**] and a Motion to Tax Costs [**D.E. 75**]. The Honorable Joan A. Lenard referred both matters to the undersigned Magistrate Judge. [D.E. 57, 76]. For the reasons discussed below, the motion for sanctions is DENIED while the motion to tax costs is GRANTED.

*I.  BACKGROUND*[1]

This is a claim for overtime wages under the Fair Labor Standards Act ("FLSA"), 21 U.S.C. § 201 *et seq.* Plaintiffs were employees of Defendant, a cargo airline that owns and operates cargo aircraft at Miami International Airport and provides freight services by contract to the public. Plaintiffs worked in the cooler section of Defendant's import warehouse, where Defendant received and processed perishable items that arrived on its

---

[1] The facts set forth herein were submitted by the parties to Judge Lenard at the summary judgment stage. They were uncontested and were incorporated into Judge Lenard's Order resolving the parties' cross-motions for summary judgment. *See* February 5, 2007 Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment ("Summ. J. Order"). [D.E. 73].

aircraft. Specifically, Plaintiffs worked as "PQ clerks" who brought samples of shipments of plants from farms to a room in the same warehouse where U.S. Customs agents inspected the plants for parasites; PQ clerks then returned the samples that passed the inspection to the area where the remaining items in the shipment from that farm were kept; and if samples were found to be infested, PQ clerks took such samples to another area in the same warehouse. *See* Summ. J. Order at 2-3.

Defendant argued, and Plaintiffs did not dispute, that Defendant was a common carrier engaged in interstate commerce, and therefore subject to the Railway Labor Act ("RLA"). The issue at the summary judgment stage was whether Plaintiffs were employees subject to the RLA, and hence exempt from the overtime wage provisions of the FLSA pursuant to 29 U.S.C. § 213(b)(3). Specifically, the issue as Judge Lenard framed it was "whether PQ clerks such as Plaintiffs are subject to the application of the RLA, and hence exempt from the overtime wage provisions of the FLSA." *Id.* at 6. She deemed this issue to be one "of first impression in this Circuit." *Id.* After considering the applicable statutes, case law, and facts of the case, Judge Lenard ruled that "Plaintiffs are clearly subject to the RLA and therefore precluded from bringing overtime wage claims against Defendant under the FLSA." *Id.* at 8. Accordingly, she granted summary judgment for Defendant and denied Plaintiffs' motion for partial summary judgment. *Id.*

## II.    MOTION FOR SANCTIONS

We turn first to Defendant's motion for sanctions. [D.E. 54]. Defendant is seeking an award of sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927 on the ground that he filed and maintained this allegedly frivolous lawsuit even though Defendant argued early on that the RLA defense clearly applied to defeat Plaintiffs' claims for overtime wages. On January 27, 2007, the Court held a hearing on Defendant's motion. None of the parties presented evidence at the hearing though they were given the

opportunity to do so. At the close of the hearing and for the reasons stated on the record, the Court deferred ruling on the sanctions motion until after Judge Lenard had ruled on Defendant's then-pending motion for summary judgment. *See* Minutes from January 25, 2007 Hearing. [D.E. 72]. Thereafter, Judge Lenard ruled in favor of Defendant, and the matter is now ripe for our consideration.

Title 28 U.S.C. § 1927 permits a court to impose sanctions against an attorney who engages in unreasonable and vexatious conduct that multiplies the proceedings. Three essential requirements must be met before sanctions may be awarded: the attorney must engage in "unreasonable and vexatious" conduct, the "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings," and the dollar amount of the sanction must bear a financial nexus to the excess proceedings. *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997). The attorney's conduct must be so egregious that it is tantamount to bad faith. *Amlong & Amlong v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007).*

> *[B]ad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.* The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term "vexatiously" similarly requires an evaluation of the attorney's objective conduct.

*Id.* at 1239-40 (emphasis supplied). To warrant imposition of sanctions, an attorney's conduct must be particularly egregious; that is, the attorney "must *knowingly* or *recklessly* pursue a frivolous claim." *Id.* at 1242 (emphasis in the original).

In this case, Judge Lenard framed the issue raised by the parties as one of first impression in this Circuit. With this in mind, and using the "objectively reasonable" standard of conduct, this Court does not find that Plaintiffs' counsel acted objectively unreasonable in pursuing his clients' claims, notwithstanding Judge Lenard's ultimate

determination that Plaintiffs were "clearly subject to the RLA." Stated differently, the Court has compared Plaintiffs' attorney's conduct with the conduct of a reasonable attorney and finds it was not patently *un*reasonable to pursue the overtime wages claims under these circumstances. Accordingly, we exercise our discretion here and find that the filing and maintaining of this suit constituted such egregious conduct as to warrant § 1927 sanctions. Defendant's motion for sanctions is therefore denied.

### III.   MOTION TO TAX COSTS

Also before the Court is Defendant's motion for costs [D.E. 75]. Defendant seeks an award of costs in the amount of $778.05 pursuant to 28 U.S.C. § 1920. These costs include $171.00 for court reporting services for the deposition of Cindy Tunon; $210.00 for translation services for Plaintiffs' depositions; and $397.05 for court reporting services for Plaintiffs' depositions. *See* D.E. 75, Ex. A. The only objection Plaintiffs make to Defendant's motion is that it was filed more than thirty (30) days after entry of final summary judgment and should, therefore, be denied. *See* Pfs' Resp. Defendant's Motion to Tax Costs at 1.

Defendant points out in its Reply brief that it filed a Bill of Costs seeking the same sum within thirty (30) days of entry of the summary judgment order. *See* Df's Reply Mot. Tax Costs [D.E. 78] at 1. Defendant states that the Clerk of Court should have promptly taxed costs against Plaintiffs pursuant to Fed. R. Civ. P. 54(d)(1). However, after several weeks had passed without action from the Clerk, defense counsel contacted the Clerk's Office and was advised to file a motion to tax costs. Defendant did so, and that motion is now before the Court.

Defendant followed the proper procedure under Rule 54(d)(1), which permits costs "as of course to the prevailing party." *See e.g., Nobles v. Rural Cmty Ins. Svcs.*, 490 F.Supp.2d 1196, 199 (M.D. Ala. 2007) ("After final judgment is entered and a verified bill

of costs filed, the initial responsibility for taxing costs lies with the clerk of the court. If the party against whom costs are taxed objects within five days, then the district court must conduct a *de novo* review.") (internal citations omitted). Defendant's Bill of Costs contains a declaration stating that a copy of the Bill was mailed on March 6, 2007 to Plaintiffs' counsel. *See* Df's Mot. Tax Costs [D.E. 75], Ex. A. Plaintiffs do not dispute that the Bill was timely-filed or that their counsel received a copy of the Bill shortly after it was served. Moreover, Plaintiffs did not object in any way to the Bill. The fact that Defendant subsequently filed a motion to tax the same costs -- at the direction of the Clerk's Office -- is of no moment. The issue has been preserved. As there has been no objection to Defendant's entitlement to costs or to the amount of costs being sought, and after determining that the costs are reasonable and authorized by § 1920, the Court grants Defendant's motion to tax costs in the amount of $778.05.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1) Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 [**D.E. 54**] is **DENIED**.

2) Defendant's Motion to Tax Costs [**D.E. 75**] is **GRANTED**. Defendant Arrow Air, Inc. shall recover costs in the amount of $778.05 from Plaintiffs Jairo Lira and Mauricio Lira. Costs shall be paid within ten days of this Order. If no payment is made, Defendant may then seek entry of judgment under Rule 58 for the costs awarded herein, together with post-judgment interest, and proceed to execution on the judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of November, 2007.

EDWIN G. TORRES
United States Magistrate Judge